IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NILO GIBERT ARENCIBIA PETITIONER
A 220-669-722

V. Civil Case No. 5:26-cv-001-DCB-BWR

RAFAEL VERGARA, RESPONDENT
*Warden of Adams County Correctional Center*

ORDER

Before the Court is the Report and Recommendation ("Report") [ECF No. 6] filed by Magistrate Judge Rath on the Petition [ECF No. 1] for habeas corpus relief filed by Nilo Gibert Arencibia. See 28 U.S.C. § 2241. In the Report [ECF No. 6], Judge Rath recommended that the Petition [ECF No. 1] be dismissed because Petitioner is subject to detention without bond under 8 U.S.C. § 1225(b)(2)(A), and his detention during his removal proceedings is constitutionally permissible. Report [ECF No. 6] at 1. Counsel for Petitioner filed an Objection [ECF No. 7], and Respondent filed a Response [ECF No. 8]. On October 23, 2026, the Fifth Circuit Court of Appeals released an en banc opinion in Sosnava Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc). Based on the Sosnava Rodriguez decision, the Court finds that Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Due

Process Clause of the Fifth Amendment. Accordingly, the Petition [ECF No. 1] is denied.

I. Standard of Review

When a party objects to a Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991) (party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

II. Background

Arencibia, a native and citizen of Cuba, illegally entered

the United States at or near Del Rio, Texas on October 30, 2021. Notice to Appear [ECF No. 1-2] at 1. Petitioner was encountered by immigration authorities and released on his own recognizance on November 2, 2021. Order of Release on Recognizance [ECF No. 1-3]. On June 30, 2022, Petitioner applied for asylum under Immigration and Nationality Act ("INA") § 208, withholding of removal under INA § 241(b)(3), and protection under the Convention Against Torture ("CAT"). IJ Order [ECF No. 5-2] at 1.

On October 24, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner while he was attending an ICE check-in. Pet. [ECF No. 1] at 4. On November 1, 2025, the Department of Homeland Security ("DHS") initiated removal proceedings, and Petitioner was served with a Notice to Appear. IJ Order [ECF No. 5-2] at 1. On December 3, 2025, Petitioner amended his applications for asylum, withholding of removal, and protection under CAT. Id. Subsequently, the IJ pretermitted Petitioner's applications and ordered Petitioner removed from the United States to Ecuador. Id. at 3.

Petitioner appealed this unfavorable decision to the Board of Immigration Appeals ("BIA") on January 15, 2026. Filing Receipt [ECF No. 5-3] at 1. According to the Executive Office for Immigration Review's ("EOIR's") Automated Case Information portal, Petitioner's BIA appeal remains pending. See EOIR, Automated Case

Information, https://acis.eoir.justice.gov/en (last visited Nov. 17, 2026).

III. Claims

On January 2, 2026, Petitioner, through counsel, filed his § 2241 Petition which seeks an order requiring Petitioner's immediate release. Pet. [ECF No. 1] at 14. The Petition advances two claims: (1) that Petitioner's detention violates the Fifth Amendment's Due Process Clause; and (2) that 8 U.S.C. § 1226(a), and not 8 U.S.C. § 1225(b)(2)(A), applies to Petitioner. Id. at 11-13. Petitioner adds a new argument in his Objection [ECF No. 7]. Petitioner now asserts that his detention is prolonged, such that it violates the Fifth Amendment's Due Process Clause as applied to him. Objection [ECF No. 7] at 4-6.

A. Petitioner has no statutory right to a bond hearing.

The Court first turns to Petitioner's second claim, which alleges that 8 U.S.C. § 1226(a) applies to Petitioner and not 8 U.S.C. § 1225(b)(2)(A). Petitioner was placed in custody pursuant to 8 U.S.C. § 1225(b)(2)(A), which mandates that "an alien seeking admission [who] is not clearly and beyond a doubt entitled to be admitted . . . shall be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit held in Buenrostro-Mendez v. Bondi that the definition of "applicants for admission" under § 1225 extends to aliens residing in the United States who

have never been lawfully admitted. 166 F.4th 494, 502 (5th Cir. 2026). Petitioner, detained under § 1225(b)(2)(A), has no statutory right to a bond hearing. And nothing in the text of § 1225(b)(2)(A) imposes a limit on the length of detention. See Jennings v. Rodriguez, 583 U.S. 281, 297-303 (2018). Accordingly, Petitioner's second claim is dismissed.

B. Petitioner's detention while his removal proceedings are ongoing does not violate the Fifth Amendment's Due Process Clause.

In his first claim, Petitioner urges that his detention without a bond hearing violates his rights under the Fifth Amendment's Due Process Clause, even if § 1225(b)(2)(A) does not require any such hearing before imposing detention. The Fifth Circuit firmly rejected this argument in the en banc opinion of Sosnava Rodriguez, 2026 WL 3181188, at *1. "Because Petitioner[] ha[s] never been admitted to the United States, due process does not entitle [him] to additional proceedings beyond what Congress has provided before [he] may be detained pending removal." Id. at *5. "And even granting that such a challenge is possible, the facts Petitioner[] seek[s] to prove at [his] bond hearing[] are irrelevant to detention under § 1225(b)(2)(A), such that the absence of those hearings did not render [his] detention constitutionally defective." Id.

Following the Fifth Circuit's guidance, Petitioner's

detention does not violate either procedural or substantive due process. "[P]rocedural due process does not require bond hearings centered on assessing dangerousness and flight risk in the context of § 1225(b)(2)(A)." Id. at *7. "An alien is either 'clearly and beyond a doubt entitled to be admitted' or not. If not, he may be detained pending removal proceedings." Id. Petitioner "do[es] not assert that the process [he] received was insufficient to prove that [he was] 'entitled to be admitted,' and any determinations made at [a] bond hearing [] imposed by the district court [] would be irrelevant to the lawfulness of Petitioner['s] detention under § 1225(b)(2)(A)." Id. "Indeed, the Supreme Court has repeatedly made clear that Congress may mandate detention for certain classes of aliens without individual determinations of the type Petitioner[] seek[s]." Id. at *8 (emphasis in original) (referencing Demore v. Kim, 538 U.S. 510 (2003); Reno v. Flores, 507 U.S. 292, 314 n.9 (1993), and Carlson v. Landon, 342 U.S. 524, 543 (1952)).

Turning to the question of substantive due process, Sosnava Rodriguez determined that Petitioner's detention does not violate his substantive due process rights. To prevail on such a claim, Petitioner must show that he had a protected liberty interest in freedom from custody. Sosnava Rodriguez, 2026 WL 3181188, at *9. "Correctly viewed, Petitioner[] seek[s] to vindicate an

unenumerated liberty interest." Id. at *11. "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." Id. "Detention during removal proceedings is a constitutionally permissible part of that process." Demore, 538 U.S. at 531. "[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition,' and cannot be a substantive due process right." Sosnava Rodriguez, 2026 WL 3181188, at *11 (quoting Washington v. Glucksberg, 521 U.S. 702, 720-21 (1997)).

Assuming, for the sake of argument, that Petitioner desires to "vindicate an unqualified interest in physical liberty, even after conceding that [he is] not entitled to admission into the country, Petitioner[] would need to demonstrate that the substantive determinations leading to detention under § 1225(b)(2)(A) are inadequate to justify detention '*at all*, no matter what process is provided.'" Id. at *12 (emphasis in original) (quoting Flores, 507 U.S. at 302). Petitioner has failed to do so, and thus, his first claim is dismissed.

C. Petitioner's allegedly "prolonged detention" does not violate the Fifth Amendment's Due Process Clause.

In his Objection, Petitioner asserts that his detention is prolonged such that it violates the Fifth Amendment's Due Process Clause as applied to him. The Supreme Court faced the question of

prolonged detention in Zadvydas v. Davis, where the petitioner's removal was "no longer practically attainable" such that continued detention did not serve its purported immigration purpose. 533 U.S. 678, 701 (2001). In the case before the Court, Petitioner's removal is practically attainable. On January 6, 2026, two months and 13 days after Petitioner was detained in 2025, an IJ denied Petitioner asylum and ordered him removed from the United States. Petitioner is waiting for the BIA to decide his appeal of an order requiring his removal. Petitioner's choice to appeal to the BIA has lengthened his detention under 8 U.S.C. § 1225(b)(2)(A) by currently, about ten months. "So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." Sosnava Rodriguez, 2026 WL 3181188, at *13 (quoting Banyee v. Garland, 115 F.4th 928, 933-34 (8th Cir. 2024) (citing Demore, 538 U.S. at 529)).

Even though Petitioner was released in 2021 and re-detained in 2025, the result does not change. "[T]emporary harborage, an act of legislative grace, bestows no additional rights." Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 215 (1953). "But so long as removal remains a viable prospect, continued detention, or renewed detention in the case of an alien previously released, does not violate due process." Sosnava

Rodriguez, 2026 WL 3181188, at *13 (emphasis added). Petitioner's release did not alter his legal status as an applicant for admission subject to detention under 8 U.S.C. §1225(b)(2)(A).

Moreover, Sosnava Rodriguez rejected a "six-month timeframe as a hard limit on pre-removal detention." Instead, the Fifth Circuit concluded that the pertinent question is whether removal is practically attainable. Sosnava Rodriguez, 2026 WL 3181188, at *13. However, the appellate court stated that it "d[id] not dismiss the idea that distinct due process questions might arise" if a petitioner's "detention no longer served its immigration purpose or if" the petitioner's "removal proceedings were used as a façade 'to incarcerate [] for other reasons.'" Id. (quoting Demore, 538 U.S. at 533 (Kennedy, J., concurring) and Banyee, 115 F.4th at 934). The Fifth Circuit "d[id] not address those questions" because the Sosnava Rodriguez petitioners did "not challenge[] the duration of their detention as unconstitutional; nor . . . assert[] that their removal [was] 'no longer practically attainable.'" Id. (quoting Zadvydas, 533 U.S. at 690).

Even so, the Fifth Circuit pointed to Justice Kennedy's concurrence in Demore and the Eighth Circuit Court of Appeals' decision in Banyee as guidance for determining what constitutes a façade to incarcerate for reasons other than removal. Id. In his Demore concurrence, Justice Kennedy opined that, "[w]ere there to

be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." Demore, 538 U.S. at 532-33 (Kennedy, J., concurring). In Banyee, the Eighth Circuit concluded that a detainee's year-long, pre-removal detention did not violate the Fifth Amendment's Due Process Clause where there had been no "'dilatory tactics' by either side," but "back and forth rulings, plus general administrative backlogs, were to blame for [the petitioner's] lengthy detention." Banyee, 115 F.4th at 934.

In sum, the length of Petitioner' detention does not determine its legality. Id. at 932. "The why . . . is more important than how long." Id. (emphasis in original). Petitioner has not alleged, nor provided evidence, that his removal proceedings are a façade to detain him for reasons other than his removal. That Petitioner's detention is lengthened due to "general administrative backlogs" does not prove unconstitutional punishment. In just the last five years, immigration cases have increased 104%, from 1,694,255 cases in 2021 to 3,469,569 in the third quarter of 2026. See EOIR Adjudication Statistics, Dep't of Just. (last updated July 24, 2026).

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Petition [ECF No. 1] is dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Fifth Amendment's Due Process Clause. Consequently, the Report [ECF No. 6], as amplified by Sosnava Rodriguez, 2026 WL 3181188, at *1, is adopted as the opinion of this Court. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this 17th day of November, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE